## SHARP *v.* RICHARDSON.

JOINT ADVENTURES—INTEREST IN LAND NOT SHOWN BY AGREEMENT FOR PLATTING AND SELLING.

In a suit for an accounting, for a determination that plaintiff had an interest in a certain parcel of land and that defendant held it in trust for both parties as joint adventurers, evidence showing that plaintiff had no interest in the land, but that his interest was in profits from sales under an agreement for platting and improving the land, which defendant had terminated because of its breach by plaintiff, *held,* to justify a decree dismissing the bill.

Appeal from Jackson; Parkinson (James A.), J. Submitted April 27, 1927.    (Docket No. 106.)    Decided July 29, 1927.

Bill by William E. Sharp against H. Clay Richardson and another for an accounting.    From a decree dismissing the bill, plaintiff appeals.    Affirmed.

Joint Adventure, 33 C. J. § 96.

*William K. Sagendorph* (*R. H. Roseman,* of counsel), for plaintiff.

*Richard Price,* for defendants.

Clark, J.    The United States owned a parcel of land near Jackson.    Defendant Richardson filed bid to purchase it.    The bid was accepted.    Of the purchase price Richardson paid $4,774.70 and plaintiff, Sharp, paid $250.30.    The following agreement was later made:

"This agreement, made this 8th day of April, 1920, by and between H. Clay Richardson, of Jackson, Michigan, party of the first part, and Will E. Sharp, Jackson, Michigan, party of the second part, witnesseth:

"1. That party of the first part is the owner of a certain tract of land situated in Blackman township, Jackson county, Michigan, and commonly known as the rifle range, and that he is desirous of having this platted and sold, has made the following agreement with the party of the second part.

"2. It is further agreed and understood that the improvements shall commence as soon as agreeable to both parties and the cost of such improvements shall be borne equally between the two parties and from the first lots sold the first party shall receive as pay for the land, contracts to the face value of $4,774.70, which price shall be figured at a 10 per cent. discount on the contracts after which all lots sold, for which contracts are received, shall be divided alternately between the first and the second parties.    Should any lots be sold for cash, the profits from such sales shall be divided equally.

(Signed)    H. Clay Richardson.
(Signed)    Will E. Sharp."

The property was platted and improved somewhat and a few lots were sold.    Richardson, claiming that Sharp had breached the agreement, terminated their relation.    Sharp filed this bill for an accounting, and, on the theory that he had an interest in the land, sought to have the same determined and to have decree that

Richardson held the land in trust for both as joint adventurers. The bill was dismissed. Plaintiff has appealed.

Judge Parkinson rightly held that the evidence showed that Sharp had no interest in the land, and that no trust attached to it. The agreement recognized Richardson as owner and negatives the thought that Sharp had any interest in the land itself. Sharp was interested in the avails from sales of lots and in profits.

There was evidence that Sharp had failed to keep proper records of finances, had failed to account, and had been neglectful of duty. We are not disposed to disturb the finding of the trial court that Sharp had breached the agreement, and that Richardson was justified in refusing to proceed further under it.

The bill as drawn and the evidence adduced presented one question and only one, an account of receipts and disbursements by and between the parties. The trial judge filed an exhaustive opinion setting forth the items of the account and evidence relating thereto and his findings thereon. It will profit no one to set up the account or to review the evidence with respect to its items. We are in accord with the findings of the trial court.

Decree affirmed, with costs to defendant.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and MCDONALD, JJ., concurred.